UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CYRUS MCCORKLE; MELVIN WILLIAMS,
MARC LEWIS; GARY SAULS; EDWARD
MEYERS; and KEVIN COMBS,
                                          Plaintiffs,

   -against-                                              1:08-CV-1130
                                                               (LEK/DRH)

DAVID A. PATERSON, New York State Governor;
SHELDON SILVER, New York State Assembly
Speaker; DEAN SKELOS, New York State Senate
Majority Leader; CHIEF JUDGE JUDITH KAYE,
New York State Court of Appeals, and BRIAN
FISCHER, Commissioner, New York State
Department of Correctional Services,
                                          Defendants.

## MEMORANDUM-DECISION AND ORDER

Plaintiffs Cyrus McCorkle ("McCorkle"), Melvin Williams ("Williams"), Marc Lewis ("Lewis"), Gary Sauls ("Sauls"), Edward Myers ("Myers"), and Kevin Combs ("Combs") (collectively "Plaintiffs") bring the instant action pursuant to 42 U.S.C. § 1983 seeking a declaratory judgment as to the lawfulness of certain New York State statutes, policies, and practices. Complaint ¶¶ 1, 2 (Dkt. No. 1). Presently before this Court is Defendants' Motion to dismiss. Motion (Dkt. No. 38). For the following reasons, this Motion is granted.

### I. BACKGROUND

Plaintiffs are currently incarcerated by the Department of Correctional Services ("DOC") at New York State's McGregor Correctional Facility. Id. ¶¶ 3-5. Plaintiffs are all African-American males who were raised in New York City without fathers. Id.

1

McCorkle alleges that after being unlawfully arrested, detained, and provided with "perfunctory representation," he was convicted and sentenced on June 11, 1984, for attempted murder in the second degree and armed robbery in the first and second degree. Id. ¶¶ 3, 30. Williams asserts that on November 3, 1997, he was convicted and sentenced for assault in the first degree because of police misconduct and "perfunctory representation." Id. ¶¶ 4, 33. Lewis contends that on March 28, 1995, he was convicted and sentenced for robbery in the first and second degree after being unlawfully detained by police officers who did not have probable cause. Id. ¶¶ 5, 36. Sauls maintains that in August 2001 he was convicted of robbery in the second degree and that his appointed counsel forced him to accept a plea agreement. Dkt. No. 17. Myers alleges that police officers unlawfully detained him and violated his constitutional rights. Dkt. No. 29. Combs alleges that due to the "ill race based practices" of New York State he was arrested on November 3, 2006 for possession of two firearms. Dkt. No. 41.

Plaintiffs assert that the policies, practices, and laws of New York State result in a disproportionate percentage of African-American males suffering arrest, prosecution, and imprisonment. Complaint ¶ 2. Further, Plaintiffs maintain that the State's discriminatory practices and the disproportionally high percentages of African-American males in New York State prisons demonstrate racial bias at the core of the New York State criminal justice and penal systems. Id. Plaintiffs contend that each of their respective arrests, prosecutions, trials, convictions, and sentences were a direct result of their African-American heritage. Id. ¶ 24. Moreover, Plaintiffs allege that

> by virtue of incarcerating the fathers of generations of African Americans, the State of New York has dissolved the majority of New York State African American families and rendered the resulting single parent, fatherless, African American family units, pauper

without or with limited access to education, funds for legal representation, health care, proper nutrition, mental health counseling, bail or the resources and opportunities to rebuild, maintain and connect with their families once they are committed to state prison.

Id. ¶ 25.

Plaintiffs now seek a declaratory judgment that the laws, policies, and practices of New York State demonstrate intentional discrimination against African-Americans, and that these practices result in the disproportionately high percentages of African-American males in New York State prisons. Id. ¶¶ 2, 39.

On October 23, 2008, Plaintiffs McCorkle, Williams, and Lewis filed a Complaint against Defendants New York State Governor David A. Paterson, New York State Assembly Speaker Sheldon Silver, New York State Majority Leader Dean Skelos, New York State Court of Appeals Chief Judge Judith Kaye, and Commissioner of New York State Department of Correctional Services Brian Fischer (collectively "Defendants"). See Complaint. There they allege that Defendants, acting in their official capacity and under the color of state law, engaged in discriminatory practices that ultimately deprived Plaintiffs of their Second, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments Rights. Id. ¶ 28. On April 29, 2009, Defendants filed a Motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Motion (Dkt. No. 38). Plaintiffs Sauls, Myers, and Combs filed separate Motions to intervene. Dkt. Nos. 17, 29, 41. On July 6, 2009, Magistrate Judge David R. Homer granted the Motions to intervene and ordered that Sauls, Myers, and Combs be added as Plaintiffs in this action. Dkt. No. 44.

## II. STANDARD OF REVIEW

In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, _ U.S. _, 129 S.Ct.

1937 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A party must plead with such factual detail so as to sufficiently "'nudge [its] claims' . . . 'across the line from conceivable to plausible.'" Iqbal, 129 S.Ct. 1950-51 (quoting Twombly, 550 U.S. at 570). While stating a claim does not require the recitation of detailed factual allegations, it does, however, require facts sufficient to state a claim to relief that is prima facie plausible. Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555). The Court must accept the allegations in the well-pleaded complaint as true, Albright v. Oliver, 510 U.S. 266 (1994), and draw inferences in favor of the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1973); Global Network Commons, Inc. v. City of New York, 458 F.3d 150, 154 (2d Cir. 2006); King v. Am. Airlines, Inc., 284 F.3d 352, 356 (2d Cir. 2002).

When considering the sufficiency of a *pro se* complaint, the court "must construe it liberally, applying less stringent standards than when a plaintiff is represented by counsel." Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980)); Haines v. Kerner, 404 U.S. 519, 520 (1972)). Moreover, the court must read the pleadings and "interpret them 'to raise the strongest arguments they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 797, 790 (2d Cir. 1994)); see Hemphill v. New York, 380 F.3d 680, 687 (2d Cir. 2004) ("It is well-established that 'when [a] plaintiff proceeds *pro se* . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.'") (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)). However, a plaintiff's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

### III. DISCUSSION

4

Defendants move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that, *inter alia*, Plaintiffs' claims fail to state a claim entitled to relief[1] and are time barred. The Court also notes *sua sponte* that Plaintiffs do not have standing.

A.  **STANDING**

It is well established that, "'[t]he exercise of judicial power under Art[icle] III of the Constitution depends on the existence of a case or controversy,' and 'a federal court [lacks] the power to render advisory opinions.'" United States Nat'l Bank v. Independent Ins. Agents of Am., 508 U.S. 439, 446 (1993) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)); Flast v. Cohen, 392 U.S. 83, 97 (1968)); United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (holding that acourt must dismiss a case rather than issue an advisory opinion).

"The requirement of standing, however, has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984). "'[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)).

Plaintiffs are seeking a declaratory judgment "which will rule on the lawfulness of statutes,

---

[1] Defendants also argue that well settled law bars Plaintiffs' requested declaratory judgment because a favorable ruling on this 42 U.S.C. § 1983 ("§ 1983") claim would effectively alter Plaintiffs' prison sentences. The Court reserves judgment on this issue as the Plaintiffs' claims are being dismissed in their entirety on alternative grounds.

5

policies, and practices of the State of New York . . . which result in a disproportionate percentage of African-American males suffering arrest, prosecution and imprisonment." Complaint ¶ 2. Plaintiffs emphasize that

> they bring the instant action as a vehicle to litigate issues of racial justice and public policy. The action was not commenced for litigating the Plaintiffs' respective convictions or sentences . . . Hence, this litigation is aimed at obtaining declaratory and injunctive relief, the prospective result of which will be educational, economic, law enforcement, criminal justice and prison reform for present and future generations of African American men in New York State.

Response at 5-6 (Dkt. No. 39). This Court finds that Plaintiffs' claim fulfills neither Article III's "case or controversy" requirement nor the standing doctrine requirement. Plaintiffs assert this § 1983 claim on the basis that they have been injured because they are African-American males who have been wrongly arrested, convicted, and sentenced because of New York State's race based discriminatory laws. Plaintiffs' injury would not be redressed by a declaratory judgment on the lawfulness of New York State's laws, policies, and practices because Plaintiffs are not litigating their individual sentences; they are litigating the injuries of others, by seeking "educational, economic, law enforcement, criminal justice and prison reform for present and future generations of African-American men in New York State." Id. Accordingly, these claims must be dismissed as Plaintiffs do not have standing.

### B. FAILURE TO STATE A CLAIM

Pursuant to Rule 7(b)(1)(B) of the Federal Rules of Civil Procedure, a request for a court order must state "with particularity the grounds for seeking the order." FED. R. CIV. P. 7(b)(1)(B). Merely naming the defendants is insufficient without setting forth specific factual allegations of wrongdoing on their part. Liffiton v. Keuker, 850 F.2d 73, 76 (2d Cir. 1988). It is well settled in

this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983." McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977) (internal citations omitted). Plaintiffs must assert specific factual allegations concerning a defendant's personal involvement. Id. Specifically, "the fact that a person was in a high position of authority, is an insufficient basis for the imposition of personal liability." Id. Moreover, "it is well settled that to state a civil rights claim under 42 U.S.C. §1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under §1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987) (citing Koch v. Yunich, 533 F.2d 80, 85 (2d Cir. 1976); Fine v. City of New York, 529 F.2d 70, 73 (2d Cir. 1975)).

This Court finds that Plaintiffs' allegations are insufficient to state a claim under § 1983 because the Complaint contains nothing more than "broad, simple, and conclusory statements" regarding Defendants' duties while acting in their official capacity. In order to meet the pleading requirements, Plaintiffs have not, as is required, asserted specific factual allegations regarding Defendants' personal involvement. Plaintiffs assert that, acting in their official capacities and under color of state law, Defendants create, impose, and enforce the objectionable laws, policies, and practices that result in the racial disparities of the New York State prisons. As discussed in McKinnon v. Patterson, a person's high position of authority is an insufficient basis for the imposition of personal liability. Accordingly, this Court finds that Plaintiffs have failed to state a claim upon which relief can be granted in that Plaintiffs have not set forth specific factual allegations of wrongdoing by the Defendants.

C.     STATUTE OF LIMITATIONS

Civil rights claims brought under § 1983 are subject to the general statute of limitations for personal injury actions in the forum state. See Owens v. Okure, 488 U.S. 235, 249-51 (1989); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002); Baker v. New York City, 943 F.Supp. 533, 534-35 (E.D.N.Y. 1996). In New York, the statute of limitations for personal injury claims is three years. See, e.g., Owens, 488 U.S. at 251; Pearl, 296 F.3d at 79; Baker, 943 F.Supp. at 535. Although the statute of limitations is governed by state law, the accrual date is dictated by federal law. See Wallace v. Kato, 549 U.S. 384, 388 (2007). Accrual is generally described as beginning when the plaintiff "knows or has reason to know" of the injuries on which his claims are based. Jewell v. County of Nassau, 917 F.2d 738, 740 (2d Cir. 1990); Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980); Daniels v. Doe, No. 99 Civ. 2192, 1999 U.S. Dist. LEXIS 19370, at *7 (S.D.N.Y. Dec. 17, 1999). Specifically, the accrual date is the date of the decisive events. See Singleton, 632 F.2d at 191. Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989)).

Accordingly, the applicable statute of limitations for this § 1983 claim is three years. Assuming arguendo that Plaintiffs could state a claim, Plaintiffs' basis of action is that New York State's statutes, policies, and practices are unlawful because they cause racial disparities in the New York State prison population. The decisive event leading to the alleged injury suffered by the Plaintiffs is that they are African-American males who were arrested, convicted, and sentenced. Accordingly, Plaintiffs' claim regarding the lawfulness of New York State statutes, policies, and practices accrued when Plaintiffs knew or had reason to know that they were arrested, convicted,

and/or sentenced.[2]

All of Plaintiffs' claims are time barred. McCorkle was sentenced on June 11, 1984.[3] Williams was sentenced on November 3, 1997. Lewis was sentenced on March 28, 1995. The sentencing dates for Sauls, Myers, and Combs are not disclosed in the record. Pursuant to the applicable three year statute of limitations period, the statute of limitations tolled for McCorkle on June 11, 1987; for Williams on November 3, 2000, and for Lewis on March 28, 1998. Plaintiffs' Complaint was filed on October 20, 2008. Accordingly, the claims are time barred for McCorkle, Williams, and Lewis because Plaintiffs' Complaint was filed more than three years after they "knew or had reason to know" that they suffered injury.

### IV. CONCLUSION

Based on the foregoing Discussion, it is hereby

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 38) is **GRANTED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:	January __, 2010
	Albany, New York

HONORABLE LAWRENCE E. KAHN
United States District Judge

---

[2] Plaintiffs' claim accrued when they knew or had reason to know that they were arrested, convicted, and/or sentenced because Plaintiffs allege that their "unlawful arrests" were a result of New York State's discriminatory practices against African-American males.

[3] Given McCorkle's *pro se* status, this Court affords him the benefit of the liberal pleading standard and uses the latter sentencing date of June 11, 1984, because it accounts for both underlying convictions.