UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CYRUS McCORKLE; MELVIN WILLIAMS;
and MARC LEWIS,

                            Plaintiffs,

        -against-                      1:08-CV-1130 (LEK/DRH)

DAVID A. PATTERSON, New York State
Governor; SHELDON SILVER, New York
State Assembly Speaker; DEAN SKELOS,
New York State Senate Majority Leader;
CHIEF JUDGE JUDITH KAYE, New York
State Court of Appeals; and BRIAN
FISCHER, Commissioner, New York State
Department of Correctional Services,

                            Defendants.

## MEMORANDUM-DECISION AND ORDER

Plaintiffs Cyrus McCorkle (McCorkle"), Melvin Williams ("Williams"), Marc Lewis, Gary Sauls ("Sauls"), Edward Myers, and Kevin Combs ("Combs") brought the instant action, pursuant to 42 U.S.C. § 1983, alleging constitutional violations by Defendants and seeking declaratory judgment as to the lawfulness of certain allegedly discriminatory New York State statutes, policies, and practices. See Compl. (Dkt. No. 1). On April 29, 2009, Defendants filed a Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 38. Plaintiffs Sauls, Myers, and Combs (collectively, "Plaintiffs") filed separate Motions to intervene, which were granted by Magistrate Judge David R. Homer. See Dkt. Nos. 17, 29, 41. On January 7, 2010, this Court granted Defendants' Motion to dismiss Plaintiffs' Complaint in its entirety. Decision and Order (Dkt. No 48). Presently before the Court are Plaintiffs McCorkle, Williams, and Combs' identical Motions for reconsideration of the Court's January 7, 2010 Judgment. Dkt. Nos. 57-59.

**I.     BACKGROUND**

Plaintiffs are all African-American males raised in New York City. Williams and Combs are inmates in the custody of the New York State Department of Correctional Services at McGregor Correctional Facility ("McGregor"); McCorkle, previously an inmate at McGregor, has since been released from prison and is currently residing in Staten Island, New York. Compl. (Dkt. No. 1) ¶ 2; Dkt. No. 59.

Plaintiffs' Complaint asserts that Defendants, acting in their official capacity under color of state law, violated Plaintiffs' civil rights under the Second, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments to the United States Constitution. Dkt. No. 1-2. Plaintiffs' claims stem from the allegedly discriminatory "policies, practices and laws of the State of New York which result in a disproportionate percentage of African-American males suffering arrest, prosecution, and imprisonment." Id. ¶ 2. This Court's Decision and Order of January 7, 2010 found that Plaintiffs lacked standing to bring their claim; and even if they had standing, they nevertheless failed to allege facts indicating the personal involvement of the individual Defendants; and their claims were time barred. Decision and Order (Dkt. No 48) at 5-9.

Plaintiffs filed Motions for reconsideration (Dkt. Nos. 57-59), arguing that the Court, in reaching its Decision, failed to consider a report published by the New York Bar Association, see Dkt. No. 1, App. A, which provides statistical analysis indicating a disproportionately high percentage of African-American males in the New York State criminal justice system. See generally Mot. for recons. (Dkt. No. 57). Plaintiffs further allege that the Court misconstrued issues of law pertinent to their claims. Id.

## II.     STANDARD OF REVIEW

The standard for granting a motion for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). There are only three grounds on which the Court may grant a motion for reconsideration: (1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. Stephenson v. Albany County Policymakers, No. 6:09-CV-0326, 2009 WL 3232294 at *1 (N.D.N.Y. Oct. 9, 2009) (Kahn, *J*) (citing In re C-TC 9th Ave. P'ship, 182 B.R. 1, 3 (N.D.N.Y. 1995); Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). The Court shall not grant such motions "when the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

## III.    DISCUSSION

Applying the above standard, Plaintiffs' Motions must be denied. First, Plaintiffs are mistaken to the extent they assume that the Court needs to explicitly reference all submissions it considers in reaching its Decision. Thus, the January 7, 2009 Decision's lack of explicit reference to the New York Bar Association report, which Plaintiffs now assert "was the basis of Plaintiff's Complaint," see Mot. for recons. (Dkt. No. 57) ¶ 3, does not provide grounds for reconsideration. In fact, the Court did consider the statistical evidence provided by Plaintiffs and made note of their reliance upon it in forming their Complaint. Decision and Order (Dkt. No. 48) at 2.

More importantly, Plaintiffs' fail to show how the "decisions or data that the court [allegedly] overlooked . . . might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257.  This is, firstly, because Plaintiffs lack standing.  They claim to "litigate for themselves and all African-American men in New York State, a substantial percentage of whom . . . will inevitably encounter New York's criminal justice and corrections juggernaut . . . [Additionally,] they are included in the prospective category based upon the [Bar Association] report . . . concerning the likelihood of recidivism."  Mot. for recons. (Dkt. No. 57) ¶¶ 28-29.

Article III, § 2, cl. 1 of the Constitution extends the judicial power only to actual "cases" or "controversies."  Three elements form the "irreducible constitutional minimum of standing." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  These are:

> First, the plaintiff must have suffered an "injury in fact"- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'"  Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court."  Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Id. at 560-61 (internal citations omitted).

Plaintiffs' claim fulfills neither Article III's "case" or "controversy" requirement, nor the requirements of standing.  Plaintiffs essentially seek criminal justice reform for present and future generations of African-American men in New York.  To the extent that they seek this on behalf of all African-American males, they fail to assert a concrete or particularized harm.  Additionally, to the extent that they include themselves in the prospective category of persons who may be affected by the allegedly discriminatory laws and policies they cite because of a statistical showing of recidivism amongst formerly incarcerated African-American males, they announce a hypothetical

injury. Finally, as noted in the Decision and Order (Dkt. No. 48), the relief they seek is speculative and would not redress the injury they have suffered. Plaintiffs, therefore, do not have standing and, thus, any claimed oversight by the Court of factual or legal issues relating to their claims would not alter the conclusion of the January 7, 2010 Decision and Order. Shrader, 70 F.3d at 257.

Similarly, Plaintiffs have not adequately addressed another threshold issue, namely their failure to allege facts indicating the personal involvement of the individual Defendants in the wrongs alleged. As with standing, Plaintiffs' failure to meet this threshold requirement demands dismissal of their Complaint. It also provides another reason why Plaintiffs' present challenges cannot reasonably be expected to alter the conclusions of the Court's January 7, 2009 Decision and do not provide a basis for reconsideration of their claims. Id.

## IV.  CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, Plaintiff's Motions for (Dkt. No. 57, 58, 59) are **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:       April 27, 2010
             Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge